IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-21-D

| | |
|---|---|
| CAMDEN COUNTY, A BODY POLITIC AND POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA; EAST CAROLINA BEHAVIORIAL HEALTH, AN AREA MENTAL HEALTH AUTHORITY AND POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA; and PASQUOTANK COUNTY, A BODY POLITIC AND POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHEASTERN COMMUNITY DEVELOPMENT CORPORATION; UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES INTERNAL REVENUE SERVICE; NORTH CAROLINA DEPARTMENT OF REVENUE; NORTH CAROLINA DEPARTMENT OF COMMERCE— DIVISION OF EMPLOYMENT SECURITY; SOUTHERN BANK AND TRUST COMPANY, <br><br> Defendants. | **ORDER** |

This matter is before the undersigned on the Motions for Entry of Default [DE-28; DE-29] filed by Plaintiffs, requesting that the court enter default as to Defendants Northeastern Community Development Corporation and Southern Bank and Trust Company. For the reasons stated below, the motions are DENIED without prejudice.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Plaintiffs contend that entry of default is appropriate to Defendants Northeastern Community Development Corporation and Southern Bank and Trust Company because these defendants have "failed to plead" or are "otherwise subject to Default Judgment as provided by the Federal Rules of Civil procedure or by statute." Mot. for Entry of Default [DE-29] at 2.

Plaintiffs are correct that neither Northeastern Community Development Corporation nor Southern Bank and Trust Company have filed an answer or otherwise appeared in this action in this court. Plaintiffs have not, however, shown by affidavit or otherwise that either defendant was properly served. Without being properly served, neither defendant has an obligation to file an answer or appear in this action. *See Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), *Henderson v. Los Angeles Cnty.* No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); *see also* Fed. R. Civ. P. 12(a)(1)(A).

Here, the record contains no proof of service as required by Fed. R. Civ. P. 4(l). Accordingly, Plaintiffs' Motions for Entry of Default [DE-28; DE-29] are DENIED without prejudice to renew within 30 days. Any new motion for entry of default must be supported by proof of service as mandated by the Federal Rules of Civil Procedure.

2

SO ORDERED. This the 29th day of October, 2015.

*Julie Richards Johnston*
Julie Richards Johnston
Clerk of Court