IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2: 15-CV-21-D

| | |
|---|---|
| **CAMDEN COUNTY,** A BODY POLITIC AND POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA; **EAST CAROLINA BEHAVIORAL HEALTH,** AN AREA MENTAL HEALTH AUTHORITY AND POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA; and **PASQUOTANK COUNTY,** A BODY POLITIC AND POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA, <br> Plaintiffs, <br><br> v. <br><br> **NORTHEASTERN COMMUNITY DEVELOPMENT CORPORATION; UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES INTERNAL REVENUE SERVICE; NORTH CAROLINA DEPARTMENT OF COMMERCE- DIVISION OF EMPLOYMENT SECURITY; SOUTHERN BANK AND TRUST COMPANY,** <br> Defendants, <br><br> **CHARLES THOMAS STEELE, JR., TRUSTEE,** <br> INTERVENOR/DEFENDANT | CONSENT ORDER; ENTRY OF DEFAULT JUDGMENT |

On motion of all parties Plaintiff, and Defendants United States Department of Agriculture, Charles Thomas Steele, Jr., Trustee ("TRUSTEE"), United States Internal Revenue Service, North Carolina Department of Revenue, and the North Carolina Department of Commerce-Division of Employment Security, and after careful review by the Court of the record proper, including Pleadings, Pleading Exhibits, Briefs in support of and in opposition to Defendants United States Department of Agriculture and its Trustee's Motion for Summary Judgment as well as Exhibits tendered with the same, and the stipulations of the parties contained herein, the Court makes the following Findings of Fact, Conclusions of Law, and Entry of Judgment.

## FINDINGS OF FACT

1. On March 19, 2015, Camden County, East Carolina Behavioral Health, and Pasquotank County (collectively "Plaintiffs") filed an action for declaratory judgment and to quiet title against the United States Department of Agriculture ("USDA"), United States Internal Revenue Service ("IRS"), the Northeastern Community Development Corporation ("NCDC"), The North Carolina Department of Revenue ("NCRev"), The North Carolina Department of Commerce-Division of Employment Security ("Commerce") and Southern Bank and Trust Company ("BANK") in Camden County Superior Court.

2. On April 16, 2015, the IRS and USDA removed the case to this Court.

3. The IRS timely answered, denying the relief requested by Plaintiffs and asking that the Court dismiss Plaintiffs' claims.

2

4. The USDA and TRUSTEE timely answered, moved to dismiss and asserted counterclaims for a declaration that Plaintiffs' exercise of their possibility of reverter contained in a Deed accepted by USDA as security was an unconstitutional taking by the government; for quiet title to the property at issue, for breach of contract and inverse condemnation, to which Plaintiffs timely replied seeking dismissal of these claims. On all counterclaims excepting breach of contract, USDA moved for summary judgment on September 20, 2016.

5. After proper service on Defendants NCDC and BANK, neither filed an answer nor made an appearance or otherwise offered a defense. Accordingly, by Motion of Plaintiffs, an entry of default was had on each of the said NCDC and BANK on December 1, 2015 properly entered by the Clerk of this Court.

6. By Order of May 17, 2017, Chief United States District Court Judge, James C. Dever III, in a written opinion, denied Defendant USDA's Motion for Summary Judgment and opined in so doing:

*...Defendant had no property interest in the Property beyond fee simple determinable subject to the Sellers' possibility of reverter. Therefore, Plaintiffs did not take any property owned by Defendant. As for the second prong, the possibility of reverter was not triggered by any act or omission of Plaintiffs. Rather, when the NCDC ceased to use the property to operate a child care facility, the estate fee simple determinable automatically expired and effected the reversion of the fee simple absolute to the holder of the reverter (Order Page 9).*

3

*To the extent the parties dispute ownership of the Property, the Sellers (Plaintiffs) own the Property in fee simple absolute, unencumbered by the USDA's lien, by operation of the possibility of reverter (Order Page 8).*

7. The relevant facts which gave rise to the aforementioned Order are:

   A. On June 27, 2002, Albemarle Hospital (predecessor to Pasquotank County), Albemarle Mental Health Center (predecessor to East Carolina Behavioral Health), Pasquotank County and Camden County executed and delivered a Deed for 1.66 acres of undeveloped land in Camden County, North Carolina (the "subject property") to NCDC, restricting the use to "construction and operation of a child care facility for a period of twenty-five years from [the closing date]." This Deed was recorded in Book 159, Page 388 of the Camden County Public Registry on June 27, 2002.

   B. On December 17, 2002, the USDA loaned NCDC $600,000 secured by a Deed of Trust of record in Book 166, Page 420 in the Camden County Public Registry.

   C. NCDC thereafter used said proceeds to build a child care facility on the property.

   D. In August of 2013, NCDC ceased operating a child care facility on the subject Property and Plaintiffs asserted their ownership pursuant to the Possibility of Reverter.

8. On or about July 15, 2013, Defendant United States Internal Revenue Service filed a Notice of Federal Tax Lien in the amount of $181,391.35 in the Office of the Clerk

of Superior Court of Camden County under File No. 13-M-40 directed toward the purported tax liability of Defendant NCDC to the United States Treasury.

9. On or about August 6, 2013, Defendant United States Internal Revenue Service filed a Notice of Federal Tax Lien in the amount of $2,109.54 in the Office of the Clerk of Superior Court of Camden County under File No. 13-M-43 directed toward the purported tax liability of Defendant NCDC to the United States Treasury.

10. Defendant NCRev filed a "Certificate of Tax Liability" in the Office of the Clerk of Superior Court of Camden County in the amount of $33,156.31, under file number 13-M-47 on October 28, 2013, directed toward the purported tax liability of Defendant NCDC to the State of North Carolina.

11. On or about November 14, 2013, Defendant Commerce filed a "Certification of Unemployment Insurance Tax Delinquency" in the amount of $7,953.93 in the Office of the Clerk of Superior Court of Camden County under file number 13-M-49 directed toward the purported liability of Defendant NCDC in failing to pay unemployment insurance requirements.

12. All filings purporting to establish a lien or encumbrance by any of Defendants occurred subsequent to the recording of the Deed of conveyance by Plaintiffs to NCDC and the recording thereof in the Camden Registry, which contained the Possibility of Reverter in favor of Plaintiffs directly or its successors in interest.

13. In seeking declaratory relief and quiet title, Plaintiffs wish to establish their title by reversion free and clear of all liens of Defendants.

14. As evidenced by the signatures of the parties, through their duly authorized representatives, the non-defaulting Defendants and Plaintiffs stipulate to these Findings of Fact and request the resolution hereinafter decreed whereby Plaintiffs will take title to the Property free of any obligation whatsoever that might otherwise arise from the Defendants' referenced liens, provided such liens shall not be extinguished from the records of Camden County as satisfied, leaving Defendant lien holders free to pursue such other assets of Defendant NCDC as may secure their respective obligations.

15. Plaintiffs' pending motions for entry of default judgment declaring title in Plaintiffs free and clear of any claim of defendant NCDC by virtue of the Possibility of Reverter and Defendant Southern Bank and Trust by virtue of its judgment lien being junior to the Possibility of Reverter, are ripe for adjudication.

## CONCLUSIONS OF LAW

By and with the consent of the parties, and based upon the preceding Findings of Fact, the Court concludes as a matter of law the following:

1. The court has jurisdiction over the parties and the subject matter of this action.

2. The resolution consented to is just and reasonable and within the authority of the Court to adjudicate.

3. Plaintiffs and non-defaulting Defendants are entitled to the relief hereinafter granted.

4. Plaintiffs are entitled to default judgment as to Defendant NCDC and BANK by virtue of their defaults and in reliance upon the facts above stipulated to by those

6

Defendants consenting hereto as otherwise found by this Court as to all other Defendants.

5. By its joinder in this Consent Order, Defendants USDA and TRUSTEE consents to the dismissal of their claim for Breach of Contract with prejudice.

NOW, THEREFORE, it is hereby ordered, adjudged and awarded by declaration as follows:

1. By virtue of the Possibility of Reverter recited in this judgment as it relates to all parties, Plaintiffs and Defendants, Plaintiffs have fee simple title to the subject property more particularly described in Deed Book 159 at Page 388 of the Camden County Public Registry free and clear of any encumbrance of any kind, or any cause, including but not limited to liens, deeds of trust, judgment liens, claims for unjust enrichment, betterments, unjust taking, and inverse condemnation.

2. The claim of Defendants USDA and TRUSTEE for Breach of Contract is dismissed with prejudice.

3. Provided, however, the liens of record of each of the said Defendants are not extinguished by this judgment as to any other properties of Defendant NCDC.

4. To this end, this judgment shall be recorded in the Camden County Public Registry and indexed in the names of all parties to this action as record evidence that Plaintiffs' title to the subject property is superior to and not encumbered by, any lien of any kind or description belonging to or asserted by Defendants.

5. The parties have agreed to, and shall, bear their own costs and fees in litigating this case.

This the __18__ day of October, 2017.

By: _____/s/ J. Dever_____
James C. Dever, III
Chief United State District Court Judge for the Eastern District of North Carolina.

**WE CONSENT TO AND ASK FOR THIS**

**Plaintiffs:**

Camden County
East Carolina Behavioral Health
Pasquotank County

By: /s/ John S. Morrison
John S. Morrison, Attorney for Plaintiffs

**Defendants:**

United States Department of Agriculture

By: /s/ James K. Pendergrass, Jr.
James K. Pendergrass, Jr., Attorney for USDA and TRUSTEE

United States Internal Revenue Service

By: /s/ C. Michael Anderson
C. Michael Anderson, Assistant United States Attorney, Attorney for IRS

North Carolina Department of Commerce-Division of Employment Security

By: /s/ Timothy Melton
Timothy Melton, Attorney for North Carolina Department of Commerce

North Carolina Department of Revenue

By: /s/ David D. Lennon
David D. Lennon, Assistant Attorney General, Attorney for NC Dept. of Revenue